Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (OAJP-2021-086)

| LUIS HIRAM QUIÑONES SANTIAGO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202400248 | Revisión Administrativa procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 143018<br><br>Sobre: No Concesión del Privilegio de Libertad Bajo Palabra— Reconsideración— Volver a Considerar |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y la Jueza Lebrón Nieves

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2024.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es

nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

De otra parte, la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley de Procedimientos Administrativos Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Cónsono con lo anterior, la LPAU establece que la parte adversamente afectada por una resolución final podrá, dentro del

término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución, presentar una moción de reconsideración. Sec. 3.15 de la Ley Núm. 38-2017, *supra*, 3 LPRA sec. 9655.  Véase, también, Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020, Sec. 15.1, pág. 86.  Si la agencia en cuestión rechazare la solicitud de plano o no actuare dentro de los quince (15) días dispuesto por ley, el término de treinta (30) días para recurrir ante el Tribunal de Apelaciones comenzará a partir de la notificación de la denegatoria o desde que se expiren los referidos quince (15) días, según sea el caso.  Secs. 3.15 y 4.2 de la Ley Núm. 38-2017, *supra*, 3 LPRA sec. 9655, 9672.  Véase, también, Reglamento de la Junta de Libertad Bajo Palabra, *supra*, págs. 87-88. No obstante, una agencia puede acoger una petición de reconsideración luego de transcurrido el término de quince (15) días, siempre y cuando no haya caducado el término para acudir ante el foro apelativo y no se haya presentado un recurso ante dicho foro. *R&B Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24 (citando a *Flores Concepción v. Taíno Motors, Inc. et al.*, 168 DPR 504 (2006)).

De conformidad con los hechos del presente caso, el recurrente acudió ante este Tribunal tardíamente.  Según el expediente, la Junta de Libertad Bajo Palabra emitió una *Resolución* el 17 de enero de 2024, de la cual el recurrente alega que fue notificado el 2 de febrero de 2024, sin proveer evidencia sobre el mismo.  Posteriormente, el recurrente alega haber solicitado reconsideración el 7 de febrero de 2024, cuyo ponche del Departamento de Corrección y Rehabilitación (DCR) no incluye fecha de recibimiento.  Al no recibir respuesta alguna de la

Junta de Libertad Bajo Palabra, el recurrente acudió ante este Tribunal el 7 de mayo de 2024, según aparece en el ponche del DCR.

Al calcularse los días, según las alegaciones y evidencias, la Junta de Libertad Bajo Palabra tenía hasta el jueves, 22 de febrero de 2024 para acoger la moción de reconsideración. Al no recibir respuesta, el recurrente tenía hasta el lunes, 25 de marzo de 2024, para presentar revisión judicial ante este Tribunal, sin contar el sábado y domingo inmediatamente anteriores. Por el recurrente acudir ante este Tribunal el 7 de mayo de 2024, resulta evidente que nos encontramos ante un recurso tardío, frente al cual carecemos de jurisdicción.

Por los fundamentos expuestos y discutidos, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones